UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

SHER ALI KHAN,

    Plaintiff

v.

WEISS MEMORIAL HOSPITAL,

    Defendant

CIVIL ACTION

NO.

## **COMPLAINT**

### NATURE OF THE ACTION

1. This is an action to halt and seek redress for the unlawful discrimination on the basis of disability status that Weiss Memorial Hospital ("Weiss") has been harassing and discriminating against its Resident with disabilities in violation of Federal Law.

2. Plaintiff Sher Ali Khan is a successful physician dedicated to his profession and decorated with distinction from many of his co-workers, teachers, mentors, and physician supervisors. He has received excellent reviews both academically and clinically by medical staff and faculty.

### PARTIES

3. Plaintiff Sher Ali Khan is an adult resident of the United States. At all times relevant to this Complaint, Plaintiff had a disability known as Obsessive Compulsive Disorder (OCD), Bipolar II Disorder, with anxious distress, and Attention Deficit/Hyperactivity Disorder (ADHD) combined type, moderate, which are conditions recognized under the Americans with Disabilities Act.

1

4. Defendant Weiss Memorial Hospital is an Illinois medical business located in the City of Chicago.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

6. On August 20, 2018, Dr. Khan timely filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") against Weiss for discrimination in employment under the Americans With Disability Act (ADA) alleging continuing action against the Plaintiff by defendant because of his disability.

7. On September 19, 2018, Weiss granted Dr. Khan's request for remediation and extended his employment to January 26, 2019.

8. However, on January 26, 2019, Weiss terminated his employment and kicked him out of the program after he requested an accommodation during an ICU rotation.

9. The EEOC on May 31, 2019 issued Dr. Khan a Notice of Right to Sue Weiss Memorial Hospital for violation of the Americans with Disabilities Act.

## FACTUAL ALLEGATIONS

10. On or about June 27, 2016, Weiss accepted Dr. Khan into its three-year residency program for Internal Medicine.

11. Dr. Khan's first year in Weiss's residency program ("PGY-1") began on or about July 1, 2016, and was scheduled to end on or about June 30, 2017, when his second year of residency ("PGY-2") was expected to begin.

12. Dr. Khan, however, did not successfully complete his first year of residency; rather, Weiss's Clinical Competency Committee extended his PGY-1 from June 30, 2017 to September of 2017, to give him a chance to improve and matriculate to PGY-2.

13. Dr. Khan was successful with the requested accommodation and improved and matriculated to PGY-2 with a September 27, 2017 year two start date with an expected end date of September 26, 2018.

14. On or about June 6, 2018, Dr. Shehzad Ali, the Program Director for Weiss's Internal Medicine Residency, met with Dr. Khan and told him he would not matriculate to PGY-3. On June 22, 2018, Dr. Ali confirmed the June 6, 2018 conversation and the decision of the Clinical Competence Committee in writing.

15. On September 19, 2018, Weiss granted Dr. Khan's prior appeal/request for remediation and extended his PGY-2 for a period of four months to January 26, 2019, giving him what they determined as one "last chance" to meet the program requirements and achieve promotion to PGY-3.

16. Dr. Khan has established diagnoses of Obsessive Compulsive Disorder (OCD), Bipolar II Disorder, with anxious distress, and Attention Deficit/Hyperactivity Disorder (ADHD) combined type, moderate.

17. Prior to November 2018, Dr. Khan requested and received academic and workplace accommodations from the defendant that included (a) preferential seating by the most distraction-free segment of the room (i.e. not facing a window or door); (b) Additional time (a minimum of 1 ½ times) on all testing, such as with American College of Physicians and internal tests of residency program. This is especially important in the context of the patient's combined

ADHD and OCD, which amplify the behavioral effects of each disorder; (c) Allowance for opportunity for frequent breaks to optimize attention.

18. Dr. Khan was presented with, and signed, what Weiss called a "last chance" letter in the fall of 2018.

19. In November of 2018, with the closing date of the remediation period approaching, and Dr. Khan having met satisfactory reviews during the remediation period, Weiss assigned Dr. Khan to the ICU senior role rotation without providing his requested accommodation.

20. Dr. Khan requested an accommodation in or around November 2018 and again in mid-January 2019, but Weiss refused an accommodation for the ICU assignment.

21. After one week in the ICU rotation which began on November 9, 2018, Dr. Khan failed to meet expectations, and Weiss Program Director Dr. Shehzad Ali pulled him from the ICU and told Dr. Khan that he had decided not to promote him to third year.

22. Based on unsatisfactory performance in ICU in November 2018, Dr. Khan was kicked out of the program on January 26, 2019.

23. On February 11, 2019, the Weiss grievance committee upheld the decision to termination Dr. Khan from the program.

24. The ICU senior resident rotation is not a requirement for promotion to the third year of the Weiss residence program, however, the ICU senior rotation is a criterion for graduation before the end of PGY-3. Dr. Khan had already met criteria for promotion to PGY-3 level and had performed well in his ICU junior rotations.

25. Weiss forcing Dr. Khan to perform the ICU rotation in his second year, and then failing to provide the requested accommodation to allow him to successfully complete the ICU rotation, reveals Weiss's unlawful actions and animus against Dr. Khan.

26. Prior to forcing Dr. Khan into the ICU rotation without providing him accommodations, Dr. Khan had been provided accommodations in previous assignments that allowed him to be successful, including successful remediating out of PGY-1 and nearly remediating out of PGY-2, but for the unlawful discrimination by assigning him to ICU without accommodation.

27. Prior to his unlawful termination, Weiss Program Director Dr. Shehzad Ali had certified in writing that Dr. Khan's two year performance was "satisfactory and in good standing", based upon Dr. Khan's excellent evaluations (especially in the second year), and his highly professional resident reputation among the Weiss faculty.

28. It came as a shock to Dr. Khan and many faculty, other Weiss residents, Weiss nurses, unit clerks and even patients to learn that Dr. Khan was not promoted to third year resident and terminated from the program.

29. Many of these supporters wrote to Weiss Program Director Dr. Shehzad Ali to prevent his termination to no avail.

30. Despite these letters of support, Weiss Program Director Dr. Shehzad Ali refused to admit Dr. Khan back into the program in February 2019, and furthermore, Dr. Ali reported to program directors of other institutes (in writing and in phone calls) that Dr. Khan does not listen to others, is rude, and that he goes above and beyond to prove his point. Because of Dr. Ali's actions, Dr. Khan has not been able to find another residency program.

31. Due to non-completion of three years of residency, Dr. Khan is lost eligibility for nearly all clinical jobs and is eligible for a medical license only in 12 states.

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## AGAINST DEFENDANT WEISS

32. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

33. Because Obsessive Compulsive Disorder (OCD), Bipolar II Disorder, with anxious distress, and Attention Deficit/Hyperactivity Disorder (ADHD) combined type, moderate substantially limits at least one of Plaintiff's major life activities Plaintiff is an individual with a disability under the ADA.

34. Plaintiff was fully qualified to be a Resident Physician and could perform all the essential functions of the position. Plaintiff also passed all of Weiss's training requirements before Weiss terminated and disqualified him because he has Obsessive Compulsive Disorder (OCD), Bipolar II Disorder, with anxious distress, and Attention Deficit/Hyperactivity Disorder (ADHD) combined type, moderate.

35. Indeed, Weiss had approved Plaintiff for promotion from PGY-1 and granted him a remediation period for PGY-2 based upon his known disabilities.

36. Weiss is a covered employer to which the ADA applies.

37. Weiss terminated and disqualified Plaintiff from employment solely because Plaintiff has Obsessive Compulsive Disorder (OCD), Bipolar II Disorder, with anxious distress, and Attention Deficit/Hyperactivity Disorder (ADHD) combined type, moderate.

38. In September 2018, Weiss retaliated against Dr. Khan by placing him in a one "last chance" status, setting him up for termination, in violation of the antiretaliation provisions of the ADA.

39. In November of 2018 and again in January 2019, Weiss made no individualized assessment to determine whether Plaintiff could perform the essential functions of the job of Resident and be employed by Weiss, or whether a reasonable accommodation would enable him to be employed as a Resident by Weiss, as is required under the ADA.

40. Weiss found grounds for termination by subjecting Dr. Khan to ICU rotation while still in his second year, and not providing the requested accommodation for the ICU rotation (which Weiss had previously provided to Khan in the ICU) that would have enable him to matriculate to third year.

41. Weiss's termination and disqualification of Plaintiff on the basis of his disability and Weiss's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable him to be employed by Weiss violated the ADA.

42. As a result of Weiss's actions, Dr. Khan has suffered and will continue to suffer both economic and non-economic harm.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of Plaintiff and against Defendants and award the following relief:

a. Declaratory relief, including but not limited to a declaration that Defendant Weiss discriminates against individuals with disabilities in violation of the ADA;
b. Declaratory relief, including but not limited to a declaration that the Americans with Disabilities Act bar Weiss from denying employment to individuals who have Obsessive

    Compulsive Disorder (OCD), Bipolar II Disorder, with anxious distress, and Attention Deficit/Hyperactivity Disorder (ADHD) combined type, moderate without an individualized assessment of whether they can perform the essential functions of the job (with or without a reasonable accommodation);

c. Appropriate injunctive relief, including but not limited to reinstatement of Dr. Khan to the program,
d. Back pay in an amount to be determined at trial;
e. In the event reinstatement is not granted, front pay;
f. Compensatory and consequential damages, including for emotional distress against defendant Weiss;
g. Punitive damages against defendant Weiss;
h. Pre-judgment and post-judgment interest at the highest lawful rate;
i. Attorneys' fees and costs of this action; and
j. Any such further relief as the Court deems appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

/s/William J. McMahon
Counsel for Dr. Sher Ali Khan

William J. McMahon
Hoey & Farina, P.C.
123 N. Wacker Drive, 250
Chicago, Illinois 60606
312-939-1212
wmcmahon@hoeyfarina.com